```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

STEPHEN FAULKNER, et al.,      )
                               )
    Plaintiffs,                )
                               )
v.                             )
                               )   No. 09-2233 D/P
TRANSPORTATION MADE SIMPLE,    )
INC., et al.,                  )
                               )
    Defendants.                )

_____

                    REPORT AND RECOMMENDATION
_____

On April 21, 2009, plaintiff Stephen Faulkner filed a complaint against defendants Transportation Made Simple, Inc. and Transportation Made Simple of Tennessee, LLC (collectively "TMS"), alleging violations of the Fair Labor Standards Act and seeking damages for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. Based on TMS's failure to respond after being served with the complaint, on October 22, 2009, Faulkner filed a motion pursuant to Fed. R. Civ. P. 55(a) for entry of default by the Clerk of Court, and on November 13, 2009, the Clerk entered default against TMS. On December 16, 2009, the District Judge entered an order of reference for the undersigned Magistrate Judge to conduct a hearing on damages and to submit a report and recommendation on the entry of final judgment.

Pursuant to written notice, a hearing on damages was held on

January 28, 2010.  Present were Jennifer Bermel (counsel for the plaintiff) and Bill Jackson, who stated that he is a manager with TMS and their designated representative for the hearing.  At the hearing, Bermel stated that she did not intend to proceed with the damages hearing because she is in the process of filing an amended complaint to add Sean McShane as a defendant in this action.  The court explained that the amended complaint would supersede the original complaint and that, as a result, Faulkner would not be able to seek default judgment against TMS based on the entry of default on the original complaint.  After Bermel consulted with her clients in the courtroom, she stated to the court that she and her clients understood and still intended to file an amended complaint without going forward with the damages hearing.

"An amended complaint, once filed, normally supersedes the antecedent complaint.  Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" Connectu L.L.C. v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted).  A motion for default judgment based on an entry of default on an earlier complaint becomes moot once the amended complaint is filed.  See United States ex rel. SimplexGrinnell, L.P. v. Aegis Ins. Co., No. 1:08-CV-01728, 2009 WL 577286, at *3 (M.D. Pa. Mar. 5, 2009) (denying motion for default judgment after plaintiff obtained entry of default on original complaint because "the original complaint upon which the motion for

default judgment relied no longer exists"); see also Rock v. Am. Express Travel Related Servs. Co., No. 1:08-CV-0853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008); Best W. Int'l, Inc. v. Melbourne Hotel Investors, LLC, No. CV 06-2276, 2007 WL 2990132, at *1 (D. Ariz. Oct. 10, 2007); Dourlain v. United States, No. 5:01CV1251, 2003 WL 22753452, at *2 (N.D.N.Y. Sept. 26, 2003); Vanguard Fin. Serv. Corp. v. Johnson, 736 F. Supp. 832, 835 (N.D. Ill. 1990); Haamid v. United States, No. 89-0780, 1990 WL 210610, at *1 (E.D. Pa. Dec. 18, 1990); Nelson v. Nationwide Mortgage Corp., 659 F. Supp. 611, 615 (D.D.C. 1987). Based on Faulkner's representation that he will be filing an amended complaint, it is submitted that the issue of damages with respect to the original complaint is moot. Furthermore, it is recommended that once Faulkner files his amended complaint, the court set aside the Clerk's entry of default on the original complaint.

    Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 28, 2010
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**