IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

STEPHEN FAULKNER, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

TRANSPORTATION MADE SIMPLE, INC.,          No. 2:09-cv-2233
a foreign corporation, and TRANSPORTATION
MADE SIMPLE OF TENNESSEE, LLC, a
Tennessee limited liability company, and SEAN
MCSHANE, individually

    Defendant.

## AMENDED COMPLAINT

1.    Plaintiff, Stephen Faulkner ("Plaintiff"), was an employee of Defendant, Transportation Made Simple, Inc. and Transportation Made Simple, LLC and Sean McShane, individually (collectively, "Defendants"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").  Plaintiff was an hourly paid gate attendant and performed related duties for Defendant in Shelby County, Tennessee.

2.    Defendant, Transportation Made Simple, Inc., is a foreign corporation that operates and conducts business in, among others, Shelby County, Tennessee, and is therefore within the jurisdiction of this Court.

3.    Defendant, Transportation Made Simple of Tennessee, LLC is a Tennessee limited liability company that operates and conducts business within, among others, Shelby County, Tennessee, and is therefore within the jurisdiction of this Court

4.	Defendant, Sean McShane is an adult resident citizen of Fords, New Jersey, who owns and operates Transportation Made Simple, Inc and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business.  By virtue of having regularly exercised that authority on behalf of Transportation Made Simple, Inc., Mr. McShane is an employer as defined by 29 U.S.C. § 201 *et. seq.*

5.	This action is brought pursuant to the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendants at any time within the past three (3) years.

6.	This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA.  This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

7.	At all times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).  Additionally, Plaintiff and those similarly situated were engaged in interstate commerce during their employment with Defendants.

8.	At all times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for the Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty (40) within a workweek.

9. Defendants failed to compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

10. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendants who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

11. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff, and other similarly situated co-workers, are in the possession, custody, or control of Defendants.

## COUNT ONE:
## RECOVERY OF OVERTIME COMPENSATION

12. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-9, above.

13. Plaintiff and other similarly situated employees are or were entitled to be paid overtime compensation at one and one half times their regular rate of pay for each hour worked in excess of forty (40) per work week.

14. During their employment with Defendant, Plaintiff and other similarly situated employees regularly worked overtime hours but were not paid time and one-half compensation for same.

15. The Defendants failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

16. Upon information and belief, Defendant's failure to properly compensate Plaintiff and other similarly situated employees for overtime hours worked was intentional, willful, and/or reckless, causing Plaintiff and other similarly situated employees to suffer damages plus incurring reasonable attorneys' fees and costs.

## COUNT TWO:
## BREACH OF EMPLOYMENT AGREEMENT

17. Plaintiff reasserts and incorporates by reference all previous paragraphs.

18. During Plaintiff's employment, Defendant provide Plaintiff with paid vacation, which vested to Plaintiff and was a term and condition of Plaintiff's employment.

19. Plaintiff, individually, agreed to work for Defendant under the aforesaid terms and conditions, and he relied upon same in his decision to begin and/or continue working in Defendant's employ.

20. Notwithstanding this agreement, Defendant failed to pay Plaintiff the outstanding vacation pay owed to Plaintiff, which was vested to Plaintiff at the time that Plaintiff left Defendant's employ, constituting a breach of said employment agreement.

21. As a result of said breach, Plaintiff suffered damages.

## DAMAGES AND REQUESTED RELIEF

22. As a result of Defendant's intentional, willful, and/or reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

23. As a result of Defendant's intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages from the Defendants.

24. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees hereby seek judgment against Defendants ordering payment of all unpaid wages found to be due and owing, pre-judgment and post-judgment interest where applicable, payment of liquidated damages, payment of reasonable attorneys' fees and costs incurred as a result of this litigation, declaratory relief, and such further relief as this Honorable Court may deem to be just and proper.

        Respectfully submitted,

        MORGAN & MORGAN, PA

By:   s/ Jennifer M. Bermel
      Jennifer M. Bermel
      TN Bar No. 025486
      2600 One Commerce Square
      Memphis, Tennessee 38103
      Tel: (901) 333-1827
      Fax: (901) 333-1864
      Email: jbermel@forthepeople.com